

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady, Commissioner,
Department of Banking
Austin, Texas

Dear Sir:

                    Opinion No. 0-2066
                    Re: R. C. S., Article 502 --
                    Procedure in converting
                    a state bank into a nat-
                    ional Bank.

        We beg to acknowledge receipt of your letter of
February 27, 1940, propounding to this department for a
legal opinion the following question, to-wit:

        "1. Can a state bank, by following
    the provisions of Article 502, and also
    following the provisions of the national
    banking act relative to entry into the
    national system, convert into a national
    bank?

        "2. If Question No. 1 is answered
    in the negative, then what are the duties
    of the Banking Commissioner relative to a
    bank which has ineffectually undertaken
    to convert under the provisions of 502?
    Is it the duty of the Banking Commissioner
    to proceed with examinations and super-
    visions of the bank and to collect the
    fees in lieu of examination fees, as pro-
    vided by law, relative to state banks?"

        A request by your predecessor, Honorable Z.
Gossett, of date January 6, 1937, addressed to the Attorney
General, propounded the following question:

        "1. Does the provision of that Arti-
    cle (502 of the Revised Civil Statutes of
    Texas) for conversion of a state bank or

bank and trust company "into any other
system of banking" mean a state system,
such as the existing guaranty fund sys-
tem, or non-security system, or does it
mean a conversion from a state bank in-
to a national bank?"

In the same connection it was stated:

"This department has advised its
state banks who desire to nationalize,
that Article 502 contemplates only a
conversion from one system of security
to another system of deposit security
as the law existed at the date of that
enactment, and that a state bank con-
verting into a national would yet be
required to liquidate its affairs un-
der Articles 539 and 540 above cited.
Please kindly advise this department."

The Attorney General's department, in an opin-
ion written by Honorable W. W. Heath, Assistant Attorney
General, under date of February 8, 1937, advised the Com-
missioner as follows:

"It is apparent to the mind of
the writer that the language in said
Article 502, "into any other system
of banking," means a state system
such as the guaranty fund system, or
bond security system. Attention is
specially called to the last sentence
of said Article 502 in which the
guaranty fund law and bond security
law of this State is expressly men-
tioned, and to Article 543 of the
Penal Code of the State of Texas,
which was passed by the same Legis-
lature that passed Article 502 of
the Civil Code which particularly
refers to guaranty fund and security
plans as the guaranty fund system
and bond system of the State banks
of Texas."

That request to the Attorney General's department
followed a series of opinions rendered by the writer as
counsel to the Banking Commissioner to the same effect, as

the answer above shown.

Opinion No. 198, addressed to Mr. Bronl, Banking Commissioner, June 26, 1934, dealt with this precise question, and among other things the opinion stated:

"I beg to say, there is no provision
in our statute (nor could there be) pro-
viding the complete details of a so-called
conversion of a State Bank into a National
Association.  In the very nature of things,
the State Corporation is in all respects
subject to the State law, whereas the Nat-
ional Association in respect to its organi-
zation is governed by Federal laws."

In opinion No. 810, addressed to Mr. H. A. Jamison, departmental examiner, under date of December 4, 1936, it was said:

"Article 562 is now meaningless.
That is to say, the system contemplated
in the statute authorizing a sale or
conversion 'into any other system of
banking' has reference only to the for-
mer guaranty fund system and the former
bond security system, securing deposits.
Since these enactments, intended to
guarantee deposits, have been repealed
(General Laws, 40th Legislature, regu-
lar session, 1937, p. 10) the Article
enacted in 1923 has become obsolete.
(See 6 T. J. p. 137).  There is noth-
ing upon which it can operate. That it
originally contemplated only a change
from the guaranty fund plan to the bond
security plan or vice versa is apparent
for several reasons."

The same view was expressed in opinion No. 642, likewise addressed to Mr. Jamison, under date of February 10, 1937.

The soundness of these opinions, we think, is at-
tested by the following Supreme Court decisions:  Texas Bank
& Trust Co. v. Austin, Banking Commissioner, 280 S. W. 161;
First State Bank et al, v. Collier, 23 S. W. (2) 716.

You are therefore advised it is the opinion of this department that Article 502 of the Revised Civil Statutes has no reference whatever to the so-called conversion of a state bank, or bank and trust company, into a national association. The organization of a national association is determined wholly by the laws of the United States, and is largely in the hands of the Comptroller, and whatever satisfies those laws and that official will suffice to organize a national association, whether its assets or capital stock consists of original contributions or those of some other existing institution transferred to the association for the purpose of organization.

From this it follows that your second question should be answered to the effect that the retiring state bank transferring its assets and affairs to a proposed or newly organized, or even an existing national association, does not thereby lose its corporate existence or its legal entity, but the bank must thereafter be liquidated, either through the process of voluntary liquidation under Articles 539 and 540 of the Revised Civil Statutes, or through the process of a taking over by the Banking Commissioner.

Trusting that what we have written will have answered your questions satisfactorily, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED MAR 8, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS